UNITED STATES DISTRICT COURT
NORTH DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **08 C 6676** |
| CANTERBURY HOMES, INC., an Illinois corporation, and JOSEPH F. HOOK, JR., individually, | ) ) ) ) ) | Judge Charles R. Norgle, Sr. Magistrate Judge Nolan |
| Defendants. | ) | |

**PLAINTIFFS'**
**MOTION TO REINSTATE CASE AND FOR CONFESSION OF JUDGMENT**

Plaintiffs CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, by their attorneys, for their motion to reinstate and confess judgment, state as follows:

1. The parties in this case previously reached a settlement; a copy of the *Settlement Agreement* is attached as *Exhibit A*.

2. This case was then dismissed, without prejudice and with leave to reinstate, pursuant to a *Stipulation of Dismissal*. A copy of the *Stipulation of Dismissal* is attached as *Exhibit B*. The dismissal orders were entered on October 29, 2010, (Docket #'s 46, 47), and are attached as *Exhibit C*.

3. Pursuant to the *Stipulation of Dismissal* and the dismissal order, (Docket # 47), the Court retains jurisdiction to enforce the terms of the parties' *Settlement Agreement*. Similarly, pursuant to the *Stipulation of Dismissal* and the dismissal order, (Docket # 47), Plaintiffs have leave to reinstate this case on or before February 11, 2011.

4. Although CANTERBURY HOMES, INC. initially paid $5,100 towards the schedule set forth in the *Settlement Agreement*, it has since defaulted in making timely payments to Plaintiffs.

5. Based on the default in making payments, Plaintiffs seek to reinstate this case.

6. The *Settlement Agreement* contains the following default provision:

It is hereby expressly understood and agreed that if default be made in the payment of any said payment due under this judgment note, the entire balance that may appear to be unpaid thereon together with all arrearages thereon shall, at the option of the legal holder hereof, thereupon become immediately due and payable without notice, demand or presentment and shall be collectible immediately or at any time after such default. ...

7. Based on the default in making payments, Plaintiffs declare the entire amount due and payable under the *Settlement Agreement*.

8. The *Settlement Agreement* contains the following confession of judgment provision:

As additional security, CANTERBURY HOMES, INC. hereby irrevocably authorizes any attorney of any court of record to appear for them in such court, after default in paying any of the forgoing installments due hereunder or in failure to report and pay future contributions when due, and confess a judgment without process in favor of the holder of this note for such amount as may appear to be unpaid thereon, including all future installments not yet due and payable together with costs and reasonable attorney's fees. ...

9. Based on the default in making payments, Plaintiffs, by this motion, confess a judgment against and request the entry of judgment against CANTERBURY HOMES, INC. and in favor of Plaintiffs in the amount of the outstanding balance as set forth in the Settlement Agreement, together with interest, costs of collection, and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that:

A. An order be entered reinstating this case against CANTERBURY HOMES, INC.

B. A judgment be confessed and entered against CANTERBURY HOMES, INC. in favor of Plaintiffs, in an amount not less than $10,200, plus interest, costs, and reasonable attorney's fees.

D. Plaintiffs be granted such other and further relief as the Court may deem just.

Respectfully submitted,
CENTRAL LABORERS' PENSION FUND BOARD OF
TRUSTEES, CENTRAL LABORERS' WELFARE FUND
BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY
FUND BOARD OF TRUSTEES, and BARRY McANARNEY

/s/ *Richard A. Toth*
One of Their Attorneys

Richard A. Toth
DALEY AND GEORGE, LTD.
20 S. Clark St., Suite 400
Chicago, Illinois 60603
(312) 726-8797

Fax: Aug 5 2010 04:37pm P005/005

Judgment Note
Page 1 of 2

## SETTLEMENT AGREEMENT AND JUDGMENT NOTE

In consideration of the Central Laborers' Pension, Welfare, and Annuity Funds granting to CANTERBURY HOMES, INC. an extension of time for payment of certain amounts that are now overdue and payable, and in consideration of the withholding of collection action in regard to the same, CANTERBURY HOMES, INC. hereby promises to pay the order to Central Laborers' Pension, Welfare, and Annuity Funds the sum of $15,123.07 plus interest at the rate of 4% per annum being payable in monthly installments (per the Payment Schedule below) of principal and interest, the first (1st) of which is due and payable on June 15, 2010.

| Payment # | Date | Payment | Principal | Interest | Unpaid Balance |
|---|---|---|---|---|---|
| 0 | | | | | $15,123.07 |
| 1 | 6/15/2010 | $2,550.00 | $2,499.59 | $50.41 | $12,623.48 |
| 2 | 7/15/2010 | $2,550.00 | $2,507.92 | $42.08 | $10,115.56 |
| 3 | 8/15/2010 | $2,550.00 | $2,516.28 | $33.72 | $7,599.28 |
| 4 | 9/15/2010 | $2,550.00 | $2,524.67 | $25.33 | $5,074.61 |
| 5 | 10/15/2010 | $2,550.00 | $2,533.08 | $16.92 | $2,541.53 |
| 6 | 11/15/2010 | $2,550.00 | $2,541.53 | $8.47 | $0.00 |
| | | | **Total Principal** | **Total Interest** | |
| | | | $15,123.07 | $176.93 | |

12/15 J.A
1/15 J.A

This Judgment Note may, at any time, be paid or prepaid in whole without premium or penalty or accrual of any subsequent interest.

In addition to the foregoing, CANTERBURY HOMES, INC. promises to promptly submit on a monthly basis reports and contributions due and owing for subsequent months. Such payments shall be submitted together with the payments provided for in the preceding paragraphs.

As additional security, CANTERBURY HOMES, INC. hereby irrevocably authorizes any attorney of any court of record to appear for the them in such court, after default in paying any of the foregoing installments due hereunder or in failure to report and pay future contributions when due, and confess a judgment without process in favor of the holder of this note for such amount as may appear to be unpaid thereon, including all future installments not yet due and payable, together with costs and reasonable attorney's fees. Without limiting the foregoing, CANTERBURY HOMES, INC. hereby consents and


PLAINTIFF'S EXHIBIT A
Blumberg No. 5119

Judgment Note
Page 2 of 2

submits to the jurisdiction of any court located in Chicago, Illinois with respect to any action to confess judgment otherwise enforce this Judgment Note.

It is hereby expressly understood and agreed that if default be made in the payment of any said payment due under this judgment note, the entire balance that may appear to be unpaid thereon together with all arrearages thereon shall, at the option of the legal holder hereof, thereupon become immediately due and payable without notice, demand or presentment and shall be collectable immediately or at any time after such default. Further, the parties acknowledge and agree that this judgment note does not constitute accord and satisfaction and the Funds have the right upon default to sue for the delinquency due pursuant to ERISA along with all penalties, including but not limited to interest, liquidated damages assessments and attorneys fees and costs incurred by the Funds.

Dated this _____, 2010.

CANTERBURY HOMES, INC.
By: ___Joseph F. Hook, Jr.___
Title: ___President___

Subscribed and sworn to before me this
_____, 2010.

_____
Notary Public

# UNITED STATES DISTRICT COURT
# NORTH DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, <br><br>Plaintiffs, <br><br>v. <br><br>CANTERBURY HOMES, INC., an Illinois corporation, and JOSEPH F. HOOK, JR., individually, <br><br>Defendants. | 08 C 6676 <br><br>Judge Charles R. Norgle, Sr. <br><br>Magistrate Judge Nolan |

## STIPULATION OF DISMISSAL

Plaintiffs CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, by their attorneys, and Defendants CANTERBURY HOMES, INC. and JOSEPH F. HOOK, JR., by their attorneys, file this stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

All parties to this action stipulate as follows:

1. The parties in this case have reached a settlement, as evidenced by the attached *Settlement Agreement and Judgment Note*. Defendants have made payments pursuant to the settlement, but not all payments have become due. By way of clarification, the parties further stipulate that the *Settlement Agreement and Judgment Note* requires payments to be made on or



PLAINTIFF'S EXHIBIT B

before the following dates: August 15, 2010, September 15, 2010, October 15, 2010, November 15, 2010, December 15, 2010, and January 15, 2010.

2. There are no pending counterclaims, crossclaims, or third-party claims.

3. This action is hereby dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

4. Except as may otherwise be provided in the settlement agreement, each party shall bear its own attorney's fees and costs.

5. The dismissal shall be without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(B).

6. The Court shall retain jurisdiction to enforce the terms of the parties' settlement agreement.

7. Plaintiffs shall have leave to reinstate or seek enforcement of the settlement order until February 11, 2011. In the event a motion to reinstate or a motion to enforce settlement is not filed on or before February 11, 2011, the case shall be deemed dismissed with prejudice.

Respectfully submitted,
CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY

*One of Their Attorneys*

Richard A. Toth
DALEY AND GEORGE, LTD.
20 S. Clark St., Suite 400
Chicago, Illinois 60603
(312) 726-8797

Respectfully submitted,
CANTERBURY HOMES, INC. and JOSEPH F. HOOK, JR.

*One of Their Attorneys*

# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6676 | **DATE** | 10/29/2010 |
| **CASE TITLE** | Central Laborers' Pension Fund, et al. vs. Canterbury Homes, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Agreed Motion for Voluntary Dismissal Pursuant to Stipulation [44] is granted. Case terminated.

■ see attached Order

*[signature: Charles Norgle]*

Docketing to mail notices.

| | Courtroom Deputy Initials: | |
|---|---|---|

08C66676 Central Laborers' Pension Fund, et al. vs. Canterbury Ho,es, Inc., et al.

PLAINTIFF'S EXHIBIT C

Case: 1:08-cv-06676 Document #: 47 Filed: 10/29/10 Page 1 of 2 PageID #:97
Case: 1:08-cv-06676 Document #: 44-1 Filed: 10/28/10 Page 1 of 2 PageID #:93

MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, *et al.*, </br>  Plaintiffs, </br> v. </br> CANTERBURY HOMES, INC., an Illinois corporation, and JOSEPH F. HOOK, JR., individually, </br> Defendants. | 08 C 6676 </br></br> Judge Charles R. Norgle, Sr |

## ORDER

The parties in this case having reached a settlement, there being no pending counterclaims, crossclaims, or third-party claims,

IT IS HEREBY ORDERED:

1. The parties shall comply with the signed settlement agreement attached to their stipulation to dismiss. The parties expressly waive their rights under Federal Rule of Civil Procedure 65(d) to the extent Rule 65(d) requires this order to be specific in terms or to describe in reasonable detail and without reference to the settlement agreement, the act or acts to be restrained.

2. This action is hereby dismissed without prejudice with leave to reinstate on or before February 11, 2011 for the purpose of enforcing the settlement. This order is entered without prejudice in order to allow the Court to enforce the settlement agreement. The parties are otherwise barred from relitigating any claims raised in this litigation.

3. Except as may otherwise be provided in the settlement agreement, each party shall bear its own attorney's fees and costs.

4. By consent of the parties, the Court shall retain jurisdiction for the purpose of enforcing the terms of the parties' settlement agreement.

5. Plaintiffs shall have leave to reinstate or seek to enforce the settlement until February 11, 2011. In the event a motion to reinstate or a motion to enforce the settlement is not filed on or before February 11, 2011, the Court shall relinquish jurisdiction and the case shall be deemed dismissed with prejudice without further order of the Court.

*[signature]*
JUDGE
DATED: 10/29/2010